UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

In re:

Case Number: 19-25589-RAM
Chapter 13

PEGGY HERRERA BEOVIDES

    Debtor.

_____/

**APPLICATION FOR COMPENSATION FOR PROFESSIONAL SERVICES OR
REIMBURSEMENT OF EXPENSES BY ATTORNEY FOR CHAPTER 13 DEBTORS**

Timothy S. Kingcade of Kingcade & Garcia, P.A., was retained by the Debtor to serve in this Chapter 13 bankruptcy case as attorney for the Debtor. A copy of the retainer agreement is attached as Exhibit "A" pursuant to Local Rule 2016-1(B)(2) and the Chapter 13 Fee Guidelines. Timothy S. Kingcade requests the court to approve compensation and reimbursement of expenses as follows:

1.    The retainer agreement signed by the Debtor agrees to a fee of $7,000.00 for the Chapter 13 bankruptcy filing and the total paid pre-petition is $2,2500.00. Counsel has agreed to accept $4,500.00 via the Chapter 13 plan.

2.    The Safe Harbor Fee in this case would be $4,650.00, broken down as follows: Base fees of $4,500.00 and costs of $150.00.

3.    Total Fees Requested:    $ 7,000.00

       Total Expenses to be Reimbursed:    $ 150.00

       Amount Received to Date:    $ 2,650.00

       Amount to be Paid Through Plan:    $ 5,500.00

4.    The amount requested, if allowed, will be paid in full after 34 monthly payments under the Chapter 13 plan.

5.    A detailed itemization of the services renders to date and corresponding time entries is attached as Exhibit "B".

6. Timothy S. Kingcade of Kingcade & Garcia, P.A. estimates at least an additional 10 hours will be required to be expended in providing legal services on behalf of the Debtor to complete and monitor the Chapter 13 bankruptcy over the 60-month plan period.

7. The following is a short statement of any unusual, troublesome or unique aspects of this case that resulted in or will result in more than the usual amount of time being expended: the Debtor requested frequent in-office and phone consultations with longer than average office visits.

8. The source of the compensation previously paid to Timothy S. Kingcade of Kingcade & Garcia, P.A. was the Debtor.

9. Timothy S. Kingcade of Kingcade & Garcia, P.A. has not shared or agreed to share any compensation received in connection with the bankruptcy case with any person or entity other than a member or regular associate of the firm.

**WHEREFORE**, Timothy S. Kingcade of Kingcade & Garcia, P.A. respectfully requests that this court enter an order awarding the attorney's fees requested in this application and for any other relief deemed just and proper in the circumstances.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent, via Regular U.S. Mail, this 30th day of January, 2020 to all parties listed below.

| | | |
|---|---|---|
| Nancy K. Neidich, Esq. | Assistant US Trustee | Peggy Herrera Beovides |
| P.O. Box 279806 | 51 SW 1st Avenue, #1204 | 15950 SW 66 Terrace |
| Miramar, FL 33027 | Miami, Florida 33130 | Miami, FL 33193 |
| *Via CM/ECF* | *Via CM/ECF* | |

**CERTIFICATE PURSUANT TO LOCAL RULE 9011-4(B)**

**I HEREBY CERTIFY** that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

**KINGCADE & GARCIA, P.A**
Counsel for the Debtor
Kingcade Building
1370 Coral Way
Miami, Florida 33145-2960
WWW.MIAMIBANKRUPTCY.COM
Telephone: 305-285-9100
/s/ Timothy S. Kingcade
x  Timothy S. Kingcade, Esq., FBN 082309
☐ Wendy Garcia, Esq., FBN 0865478
☐ Jessica L. McMaken, Esq., FBN 580163

Peggy Herrera Beovides
19-25589-RAM

| Date | Time | Employee Initials | Notes |
|---|---|---|---|
| 10/02/19 | 60 mins | TSK | Consultation with client. |
| 10/04/19 | 60 mins. | TP | Prepare list of pending documents for the client and review of documents provided by the client. |
| 10/07/19 | 30 mins. | TP | Receipt and review of documents from the client. |
| 10/08/19 | 60 mins. | TSK | Review of proposed means test and payment plan with the client. |
| 10/09/19 | 60 mins | TSK | Consultation with client. |
| 10/14/19 | 60 mins | TSK | Consultation with client. |
| 10/15/19 | 60 mins. | TP | Review of file and documents provided by the client. Also, discussion with client re: pending documents. |
| 10/18/19 | 30 mins. | TP | Discussion with client re: pending documents. |
| 10/30/19 | 60 mins | MCS | Review on initial documents, download credit report and prepare file for signing appointment. |
| 11/14/19 | 240 mins | MCS | Signing appointment – preparation of schedules. |
| 11/14/19 | 60 mins | TSK | Consultation with client. |
| 11/15/19 | 90 mins. | JLM | Review of schedules and documents, draft plan and contact client. |
| 11/18/19 | 30 mins. | JLM | Telephone conference with client re: plan. |
| 11/20/19 | 30 mins. | TP | Prepare case for filing, file case and send correspondence to the client. |
| 11/22/19 | 10 mins. | TP | Draft correspondence to client re: plan payment. |
| 11/25/19 | 30 mins. | DB | Review of Trustee deficiency and send correspondence to client. |
| 11/27/19 | 5 mins. | TP | Draft correspondence to client re: Meeting of Creditors. |
| 12/03/19 | 180 mins | JLM | Review of documents provided by the client, scan and upload documents to the Trustee and discussion with client re: pending documents. |
| 12/03/19 | 5 mins | JLM | Receipt and review of claims. |
| 12/17/19 | 15 mins | DB | Follow up with client re: pending documents. |
| 12/18/19 | 30 mins. | TP | Review of documents provided by the client. |
| 12/19/19 | 45 mins | JLM | Review of deficiency for 341 - created list of pending documents; prepared and filed amended plan. |
| 12/19/19 | 15 mins. | KGP | Review of file for 341 and telephone conference with client. |
| 12/20/19 | 30 mins | KGP | Attended 341 meeting with client. |
| 12/27/19 | 30 mins. | JLM | Receipt and review of Objection to Exemptions by the Trustee and preparation and filing of amended schedules. |
| 12/30/19 | 5 mins. | JLM | Receipt and review of confirmation hearing recommendation. |
| 01/13/20 | 5 mins | JLM | Receipt and review of claims. |

| 01/14/20 | 15 mins. | KGP | Attendance at Confirmation hearing. |
|---|---|---|---|
| 01/15/20 | 5 mins | JLM | Receipt and review of claims. |

| Paralegal time | @ 200.00/hr. | 10 hrs. | $2,000.00 |
|---|---|---|---|
| Associate attorney time | @300.00/hr. | 1 hr. and 45 mins. | $525.00 |
| JLM | @400.00/hr. | 5 hrs. | $2,000.00 |
| TSK | @500.00/hr. | 4 hrs. | $2,500.00 |
| Total | | | $7,025.00 |

Exhibit "B"

## RETAINER AGREEMENT TO PROVIDE BANKRUPTCY RELATED SERVICES
## CHAPTER 13 RETAINER

This Agreement is between **KINGCADE & GARCIA, P.A.** ("K&G") and you, the Client (whether a single or joint case referred to as the "Client"). The address of KINGADE & GARCIA, P.A. is Kingcade Building, 1370 Coral Way, Miami, FL 33145-2960, 305-285-9100. Client's current information is:

**CLIENT NAME(S) / Nombre del Cliente:** Peggy Herrera-Beovides

**PHYSICAL RESIDENT ADDRESS/ Direccion:** 1590 SW 66 Terr

**CITY, STATE & ZIP CODE /Ciudad, Codigo Postal:** Miami, FL 33193

**MAILING ADDRESS, if different/**

| | |
|---|---|
| **DISPOSABLE INCOME AND COMMITMENT PERIOD DETERMINATION:** This test is required to determine the **ESTIMATED** Chapter 13 plan payments, solely based on your income and allowed expenses. This calculation does not factor in asset values.<br>**Minimum Expected Basic Fees:** Client agrees to pay K&G the *Minimum Expected Basic Fees* quoted herein and understands that the fee is an estimate based on the representations and information provided by Client to K&G at the consultation and/or the *Client Information Sheet* and may be adjusted upwards by several factors including: (i) required services beyond the Basic Services defined herein; (ii) undisclosed assets, income, transfers and preferences; (iii) failure to pay all the fees and costs within the prescribed time; and (iv) The time period required for completion of the case is over and above ten (10) hours. See paragraphs 2 and 4 below for Additional Fees.<br>    **Payment Term.** These fees must be paid and are valid for a period of **4 months** from the date of this Agreement, but in no event more than 120 days (4 months) from the date of the initial consultation; thereafter, Client shall pay an additional minimum charge of $300 for any additional two month period as the calculations required under the new law are time sensitive and the passage of time stales the information. Any additional fees paid shall be applied towards the total amount due K&G. All fees paid to K&G constitute an earned fee and are non-refundable.<br>**Attorney's Fees Before Filing Bankruptcy Petition/Honorarios Antes de Presentar el Caso en Corte:**<br>*Español: Cliente concuerda en pagar a K&G los Honorarios Mínimo de Abogados indicado y entiende que los honorarios es una estimación basada en las representaciones y la información proporcionada por el Cliente a K&G en la consulta y/o la Hoja de Información de Cliente y puede ser ajustado hacia arriba por varios factores incluyendo: (i) los servicios requeridos más allá de los Servicios Basico; (ii) oculto de revelar propiedades o ventajas, ingresos, transferencias o preferencias; (iii) fracaso de pagar todos los honorarios y cotos en el tiempo prescrito; y (iv) El tiempo necesario para completar el caso pasa de diez (10) horas. Vea el párrafo 2 y 4 abajo para Honorarios Adicionales.*<br>    *El Término de pago Estos honorarios se deben pagar y son válido por un período de 4 meses de la fecha de este Acuerdo, pero en ningún acontecimiento más de 120 días (4 meses) de la fecha de la consulta inicial; después, el Cliente pagará una cargo mínimo adicional de $300 por cualquier periodo adicional de dos meses porque los cálculos requeridos bajo la ley nueva son sensibles al tiempo. Los honorarios pagados serán aplicado a el balance debido a K&G. Todos los honorarios pagados a K&G constituyen honorarios ganados y no son reembolsable.*<br>**The balance of attorney's fees up to $4,500.00.** *El balance que sera pagado hasta $4,500.00.* | $ 250<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>$ 2250 |
| **Costs**/*Gastos* under the new law include but are not limited to: **$575.00/single** and **$625.00/joint**, as follows: $310 court filing fee, $75 single/$125 joint Credit Report; Accurint Report $10 per person, credit counseling $30 and the balance is office & administrative cost including: postage, copying, parking, etc. | $ 575 |
| Cost for the Required Financial Management Instructional Course shall be paid directly by Client after filing. | n/a |
| **Total Fees & Costs Due Before Signing Appointment / Total Antes de Firmar la Peticion:** | $ 3075 |
| $ 2500    Additional Fees (above safe harbor amount) to Be Paid Via the Chapter 13 Plan after Court Approval of a Fee Application/ *Cantidad que sera pagada atravez del plan de reorganizacion después de la aprobación del corte de un solicitud de honorarios.* | |

1. **SCOPE OF REPRESENTATION, BANKRUPTCY ANALYSIS, AND BASIC SERVICES IF OVER *MEDIAN FAMILY INCOME*.**
K&G will provide bankruptcy related legal services to Client that may or may not include the filing of a Chapter 13 bankruptcy case. Contingent upon being paid the attorney's fees quoted above (the Minimum Expected or "Basic Fee"), K&G agrees to provide Client with basic legal services and advice in contemplation of the filing of a Chapter 13 case. The services include an estimated 10 hours of combined attorney and paralegal time, that include and are expressly limited to the following legal services:
    (a) *Current Monthly Income Determination:* Conducting a reasonable inquiry of Client's *Current Monthly Income*

Client's Signature _____ Spouse's Signature _____

(which is defined by 11 USC §101(10A)) to determine if presumption of abuse would arise under §707(b) of the Bankruptcy Code. Current Monthly Income ("CMI") is defined as the average monthly income from ALL sources that the Client has receives (or in a joint case the Client and the spouse receive) in the six (6) month period ending on the last day of the calendar month prior to the commencement of the case. In a Chapter 13 case even if the Client is filing by his/herself information regarding the spouses income must be provided to the Court. This determination is based on Client's monthly average income not substantially changing from the initial disclosures made to K&G upon which the Basic Fees were quoted.

(b) *Above Median Family Income*: If Client's *Current Monthly Income* is above the *Median Family Income* for the State of Florida as defined by the US Census Bureau, the attorney's fees quoted include the review and analysis of all documentation and information requested by K&G to make a diligent inquiry of Client's bankruptcy related options and risks.

(c) *Basic Services in a Chapter13 Bankruptcy Case:* If Client is above the *Median Family Income*, the Minimum Expected Basic Fees quoted include the services detailed in (a) and (b) above and the preparation of Client's initial bankruptcy petition, schedules, the Statement of Financial Affairs, attendance at the first scheduled Meeting of Creditors, production of initial Trustee request for documents, preparation and attendance at all routine pre-confirmation motions filed on behalf of Client, attendance at confirmation hearings, motions to deem mortgage current upon completion of the Client's case and attendance at a Discharge hearing, if required (hereinafter collectively referred to as the "Basic Services" for the Basic Fee. The Basic Fee quoted is pre-filing cost in a *routine* Chapter 13 case . See paragraph 4 titled *Services Not Provided Under The Minimum Expected Basic Fee* for all excluded services.

**Client understands that only the filing of the bankruptcy case and not the retention of K&G affords Client the protections of a Chapter 13 bankruptcy. Until Client's bankruptcy case is filed in Court, Client will NOT have the protections of the bankruptcy stay and any pending lawsuits, proceedings, foreclosure actions or vehicle repossessions will not be stayed, foreclosure sales will proceed, and wages will continue to be garnished by Client's creditors. Client's bankruptcy petition will not be filed in Court until (i) all fees and costs have been paid, (ii) all requested documents and information have been provided to K&G, (iii) Client has completed the required Credit Counseling Course AND (iv) Client has attended a two hour Signing Appointment at K&G's offices to complete and sign Client's bankruptcy petition and schedules.**

2. BASIC ATTORNEYS' FEES FOR BASIC SERVICES. For the Basic Services detailed above in paragraph 1(a) through (c), Client agrees to pay K&G the *Minimum Expected Basic Fee* and all other attorneys fees indicated in this Agreement prior to K&G providing any of the contracted Basic Services. Failure to pay these fees and costs will allow K&G to terminate its representation of Client and/or withdraw from the case. If Client elects or is unable to proceed with the filing of a Ch 13 case all attorneys fees and costs paid constitute an earned fee and are non-refundable (other than the court filing fee which shall be refunded to Client, if all fees and costs were timely paid). See paragraph 4 for additional fees. Client further agrees that if collection efforts are necessary in order for Law Firm to obtain payments to which it is entitled under this agreement, Client agrees that Law firm has a right to impose an attorneys' charging lien against any property, whether or not property is exempt, or judgment that Client recovers or retains in a matter for which Law Firm provided you with legal representation.

*Minimum Expected Basic Fees* **Based on Information Disclosed**. The *Minimum Expected Basic Fee* is an estimate of the attorneys' fees based solely on the information provided and representations made by Client to K&G at the initial attorney consultation and Client Intake Information Sheet as to Client's assets, liabilities and *Current Monthly Income*. If it is later determined from the information and reports provided to K&G, that Client has more assets and/or debts, has businesses or entities (active or inactive), or the presence of fraudulent or preferential transfers that were previously not disclosed to K&G in the Client's Intake Information Sheet, K&G, in its sole discretion, reserves the right to terminate this Agreement or adjust the fee upwards commensurate with the additional time required of K&G to assess, disclose and/or analyze its consequences.

Signing Appointment-Failure to Complete. If a new Signing Appointment is required because Client fails to attend any scheduled Appointment, wishes to reschedule, is unable to complete the petition, or issues arise that preclude the filing of the case, Client agrees to pay an additional fee of no less than $500 to K&G for a new Signing Appointment. Client understands that Client is afforded a two-hour slot/appointment and that failure to appear or complete the case at that time causes K&G to incur additional costs in the preparation of the case that will be charged to the Client. Further, additional fees may be assessed to Client if the source documentation becomes stale and Client's *Current Monthly Income* and other source documentation must be

Client's Signature _____    Spouse's Signature _____

updated and analyzed again. Client may also be assessed an emergency fee if Client requires a Signing Appointment date before K&G's then customary waiting period (which could be up to four weeks) after payment of all fees and costs due under this Agreement.

      3. **CHAPTER 13 BANKRUPTCY PROCESS.** Client has been advised that a Chapter 13 bankruptcy is a method of reorganizing debts for Client's with regular income. In a Chapter 13 the Client will propose a repayment plan to the creditors over a period of three to five years. Client's whose current monthly income is less than the applicable state median, the plan will be for three years unless the court for cause, approves a longer period (in no case can be longer than five years). If the Client's current monthly income is greater than the applicable state median, the repayment plan must generally be for five years. Chapter 13 allows the Client to protect his/her property and creditors are forbidden from proceeding with collection efforts of any sort without court approval. The Client will be required to make monthly Plan payments, with the first Plan payment due thirty (30) days after the date of the filing of the bankruptcy petition and every thirty (30) days thereafter for the term of the Plan. At Client's Signing Appointment, Client will be provided with two documents entitled *Debtor(s) Notice of Understanding Chapter 13 Bankruptcy Process and Rights & Responsibilities' Agreement between Chapter 13 Debtor(s) and K&G* that Client will be required to sign and shall become part of this Agreement.

      **Vesting of Plan Payments.** All plan payments made to the Trustee during the course of the Chapter 13 case shall be vested (i.e. are non-refundable) and shall be disbursed by the Trustee to the secured, priority and administrative claimants, including Law Firm, in accordance with last-filed Chapter plan. Client understands that once payments are vested, Client will not receive any payments made back from the Trustee. Payments are routinely vested at the first scheduled confirmation hearing.

If a case is dismissed or converted prior to confirmation and of the retainer agreement so provides, the debtor's attorney may request and receive fees from monies paid to the chapter 13 trustee, without separate application to the court, but the total fee, including any fees previously paid, may not exceed $2,500.00. Refer to ["Chapter 13 Fee Guidelines"].

      **One hundred percent (100%) Plan:** In the event Clients' Plan requires that it provide for payment of 100% of the allowed unsecured claims, K&G reserves the right to charge Client additional fees in excess of the base fee as set forth in original retainer. The additional fees may be paid to K&G at its sole discretion through the Plan or directly to K&G, after a fee application is filed and approved by the Court. Client shall be charged on an hourly basis at the customary rates charged by attorneys ($400.00-$5000.00/hour) and paralegals ($200.00/hour). Client agrees that K&G will be required to expend additional time (and costs) in filing objections to unsecured claims in order to minimize Client's plan payment. Client is responsible for all costs associated with any objections filed such as, postage and said costs must be paid prior to completion of objection(s). Client understands that the aforementioned services are for the benefit of Client for which K&G shall be compensated on an hourly basis in addition to the base fee for the Chapter 13 case set forth in the retainer agreement.

      **Exemptions:** A Chapter 13 debtor who is a citizen or permanent resident of Florida is entitled to claim the following minimum exemptions:
- Homestead Exemption, which may be limited under the new law to $125,000 equity. Certain limitations may apply if (i) Client has not resided in Florida for the 730-day period, or (ii) acquired the property during the 1215-day period immediately preceding the filing of the case, or (iii) any portion of Client's equity resulted from converting asset(s) not otherwise exempt during the 10-year period prior to filing.
- Personal Property Exemption up to $1000 value. In a joint case the exemption is $2000.
- Motor Vehicle Exemption in a single vehicle with a net equity value of up to $1000.
- ERISA qualified retirement plans; IRA's, 401(k) plans, pensions, annuity contracts.
- Wages of the Head of Family; Disability, Social Security, disability, illness and unemployment benefits; alimony, support or separate maintenance reasonably necessary for the support of the debtor and any dependents, worker's compensation benefits and other categories.
- Florida Prepaid College Tuition accounts and certain other categories.

      **Secured Claims in Chapter 13:** Pursuant to 11 USC §1325, no strip-down (i.e. reduction of value) would be allowed for (1) purchase money security interests in motor vehicles purchased within 910 days of the bankruptcy filing (two days less than 2 ½ years) or (2) as to all other secured debts (whether or not involving purchase money security interests) incurred within one year of bankruptcy. Therefore, in order to provide Client with the most comprehensive reorganization plan it is imperative that Client provide K&G with a copy of the purchase contract for Client's vehicle or the statement reflecting date of purchase for other items such as household furniture, television sets, etc.,

Client's Signature _____  Spouse's Signature _____

WEBSITE: www.MIAMIBANKRUPTCY.com - E-MAIL: tsk@miamibankruptcy.com
*Page 3 of 9 of Retainer Agreement – 101705-2*

**Disposable Income/Plan Length:** The best efforts test of 11 USC §1325(b) provides that the Chapter 13 plan, (if obligated to or by the Trustee or an unsecured creditor) either pay unsecured claims in full with interest or else provide that all of the Client's disposable income will be contributed to the plan for its minimum term. Disposable income is defined in §1325(b)(2) as "current monthly income, " other than child support income, not necessary to provide support for the Debtor or a dependent of the Debtor. For Chapter 13 Debtors whose income is more than the applicable median, the Debtor's support needs are to be determined under the means test for the presumption of abuse under 11 USC §707(b). For debtors whose income is equal to or greater than the applicable median, the "best efforts" test of §1325(b) requires that in the absence of earlier full payment of all claims, the plan must have a five (5) year term.

**Discharge – Superdischarge:** 11 USC §1328(a) has been expanded to except from a Chapter 13 discharge the following debts. The following debts are deemed non-dischargeable and Client has been advised that if he/she has any of the debts listed below they will continue to accrue interest and penalties.
- unfiled, late-filed, and fraudulent tax returns;
- fraud, including credit card misuse
- claims on which the holder of the debt was not provided sufficient notice to assert a claim
- embezzlement, breach of fiduciary duty
- personal injury or wrongful death claims, §1328(a)(4) excepts debts arising from "willful or malicious" injury, creating a more limited discharge in Chapter 13. The exception applies only as to restitution or damages awarded in a civil action against the Debtor. Therefore, if no judgment on a personal injury or wrongful death action has been entered prior to the bankruptcy filing, the exception may only be available if relief from stay were granted to the creditor to permit such a judgment to be obtained.

The following debts can still be discharged pursuant to the superdischarge effect of §1325
- Debts for willful and malicious injury to property pursuant to 11 USC §523(a)(6)
- Debts incurred to pay nondischargeable tax obligations 11 USC §523(a)(14)
- Debts arising from property settlements in divorce or separation proceedings 11 USC §523 (a)(15)

**Support Obligations – Payments Required for Confirmation and Discharge:** Pursuant to 11 USC §1325(a) a plan will not be confirmed unless the debtor is current in payments of any post-petition domestic support obligations and a discharge order pursuant to 11 USC §1328(a) shall not be granted until a debtor who owes such obligation certifies that he/she is current. Failure to make post-petition support payments is grounds for dismissal or conversion. If support obligations become due before the bankruptcy filing, support obligations owing directly to a family member would continue to require payment of support obligations directly owed or assigned to a governmental unit if the plan provides for all of the debtor's projected disposable income to be applied to payments under the plan for a five-year period.

**Eligibility.** Any individual, even if self-employed, or operating an unincorporated business, is eligible for Chapter 13 relief. The Client understands that in order to be eligible for Chapter 13 relief he/she must have unsecured debts that are less than $383,175.00 and secured debts that are less than $1,149,525.00. If the Client's debts exceed those amounts listed above he/she does not qualify for Chapter 13 relief. The Client asserts that as of the date of filing and K&G has done a good faith examination that the Client is not over the allowed debt limits. In the event that the Client's case is based on a dispute of the total amount due which may take over the limits, the Client acknowledges and understands that there is NO GUARANTEE that the outcome will be favorable in reducing the debts within the acceptable limits for a Chapter 13. Client understands that should he/she be over the debt limit requirements alternative avenues such as conversion or dismissal of the chapter 13 case will have to be addressed. At such time all fees paid in the Chapter13 shall be deemed earned and non-refundable and new retainers will have to be entered into for purposes of conversion or other representation.

Client's Signature _____[signature]_____    Spouse's Signature _____

**4. ADDITIONAL SERVICES NOT PROVIDED UNDER THE *MINIMUM EXPECTED BASIC FEE* & ADDITIONAL FEES.**
Some cases require additional legal services that are not routine or that can not be anticipated with a degree of certainty by K&G. This Agreement and the *Minimum Expected Basic Fee* for the Basic Services does NOT include: representation in any other legal matter, accounting or tax services, conversions to or filing of a Chapter 7 bankruptcy, representation or monitoring of any foreclosure proceedings, adversary proceeding, US Trustee audit, defense of any motion to dismiss or §707 investigation upon conversion, or other contested matter(s) or any other services outside the Basic Services described in this Agreement. This Agreement specifically excludes any services which Client may request regarding the purchase, refinancing or sale of Client's real property and K&G shall be under no obligation to speak or respond to any inquiry from any mortgage or real estate broker or closing agent. Client agrees to pay K&G the minimum estimated additional fees and costs, prior to performance of the service required, for the following services as a condition of K&G continued representation in Client's bankruptcy cases (**These fees are based on standard, non-emergency services, emergency service fee is at the sole discretion of K&G**):

Post Confirmation Modification of Plan ($525.00)
Motion for Hardship Discharge ($500.00 plus $25.00 costs)
Motion to sell or refinance real property ($500.00 plus $45.00 costs)
Motion to Purchase Real/Personal property ($250.00 plus $25.00 costs)
Motion to Avoid Lien ($450.00 plus $40.00 costs - Per Lien)
Motion to Rehear, Vacate Dismissal ($500.00 plus $25.00 costs)
Motion to Incur Additional Debt ($250.00 plus $25.00 costs)
Motion to Shorten Prejudice Period Minimum of $500.00 + $25.00 Costs
Motion for Recordable Order ($600.00 plus $25.00 Costs)
Defense of Post-Confirmation Motion for Relief ($490.00 - $625.00)
Adversary Proceeding by Debtor, uncontested ($2,500 plus costs)
Change of Address ($225.00)
Motion to Impose/Extend Automatic Stay ($380.00-$545.00)

Attendance at Reset 341 Meeting of Creditors (Base Fee Subject to Increase and Conversion of Case to "Fee Application" Case
Conversion to Chapter 7 (Separate Fee Agreement Req.)
Defense of Adversary by Creditor (Separate Fee Agreement Req.)
Deposition Attendance, 1 Debtor, 3 hr limit in Dade County ($750.00)
Missed Signing Appointment – new appointment – ($750.00)
Motion to Reopen Case – Depends on circumstances – court costs $1,000.00 including court costs) Archive fee – subject to change without notice.
Emergency Service Fee (depending on service and exigent circumstances, at sole discretion of K&G and subject to Court Approval)
File Retrieval from Storage ($175.00)
Objection to Claims ($270.00-$380.00)
Mortgage Modification (MMM) - (Separate Fee Agreement Req.)

These fees are based on standard, non-emergency services; which fees may change from time to time. K&G reserves the right, in its sole discretion, to charge additional fees for emergency service. K&G and Client will enter into a new retainer agreement for any other services not specifically contemplated or provided for herein. The fees stated herein are estimates and, in certain instances only provide a range of customary fees charged for particular and routine services. K&G reserves the right to alter, change or increase any fee if the services required in Client's particular case will require additional time or resources beyond those contemplated by the fee list set forth above due to its complexity which shall be based on the customary hourly rates charged by the attorneys and paralegals of K&G at the following rates per hour: Timothy S. Kingcade ($500); Jessica L McMaken ($400); Associate attorneys ($300); senior paralegals ($200); other paralegals ($150). Client understands that Client is retaining the services of K&G and not the particular services of any single attorney. Client consents to K&G assigning tasks and/or responsibilities regarding Client's case to its associates and/or paralegals, in its sole discretion.

**Emergency Service.** K&G reserves the right, in its sole discretion, and Client agrees to pay additional fees for any services that is required to be performed on an emergency basis. Client acknowledges that the filing of any motion on an emergency basis (sooner than the customary time to obtain a hearing – generally three (3) to four (4) weeks) requires that K&G expend additional resources to expeditiously review, draft, file, serve and notify all affected creditors via telephone and/or facsimile or e-mail and procure and attend an emergency hearing for which K&G shall be compensated at a premium rate. Client acknowledges that the filing of an emergency motion does **not** guarantee that the court will set the matter on an expedited basis. The Court may decide on its own that the matter is not of an emergency nature and set the matter in the normal course of business. Client's are encouraged to bring any work required or desired to K&G and pay in full the fee with at least forty-five (45) to sixty (60) days of time prior to deadline of required/desired work.

*NOTE*: **No Representation in Pending Litigation, Foreclosure Action or Other Legal Proceeding.** K&G has not been retained to represent Client in any other legal proceeding or foreclosure action; K&G will not make an appearance on Client's behalf, nor monitor the progress or status of any case, nor communicate with opposing counsel or any other party prior to the date of the filing of the bankruptcy case, at which point the communication shall be limited to notification of the bankruptcy filing. Therefore, until a client's bankruptcy case is filed in court, a client must attend and/or defend any civil litigation, deposition, court appearance or other hearing; the filing of a bankruptcy case does not affect or stay any criminal proceedings. It is Client's sole and absolute responsibility to ensure that a copy of the Final Judgment of Foreclosure (or other

Client's Signature _____    Spouse's Signature _____

instrument indicating the date of the proposed foreclosure sale) is hand-delivered to K&G with no less than five (5) calendar days after Client receives notice thereof. Client's failure to timely notify K&G of the foreclosure sale or to comply with all requirements under this Agreement shall relieve K&G of its obligation to file the Client's bankruptcy petition before the actual date of the foreclosure sale.

5. **TERMS OF PAYMENT WITHIN 60 DAYS.** This Agreement (and all fees and costs quoted herein) shall only be valid for sixty (60) days from the date of this Agreement (but in no event more than 120 days from the initial consultation). Thereafter, K&G reserves the right to charge Client additional fees to continue its representation of Client or cancel this Agreement; the additional minimum charge shall be $300 for any additional two month period that exceeds the initial 60 days afforded Client. Client understands that the information needed to assess Client's *Current Monthly Income & Means Testing* is time sensitive and the passage of time requires renewed analysis. All fees and costs paid (other than court filing fee) shall be deemed earned and non-refundable after K&G's retention.

6. **Attorney's Fees.** Client agrees to pay K&G attorneys' fee of no less than $4,500.00 (or a greater amount if indicated above), of which the balance not paid prior to the filing of the petition shall be paid via the Chapter 13 Plan. The fees may be front-end loaded in the plan at the discretion of K&G and if permissible given the repayment plan proposed. If Client does not confirm the Chapter 13 Plan, Client agrees that any funds paid to the Chapter 13 Trustee shall be paid to K&G as an administrative expense of the Client's bankruptcy up to the total fee contemplated by this agreement as indicated in the last-filed Chapter 13 Plan. Client understands that failure to pay the fees and costs required by this Agreement will allow K&G to withdraw from Client's Chapter 13 Case. If Client decides not to file bankruptcy after K&G begins work on Client's file, all fees and costs paid by Client to K&G constitute an earned fee are non-refundable.

7. **COSTS AND EXPENSES.** In addition to attorneys fees contemplated under this Agreement, Client is responsible and must pay all costs and expenses incurred in Client's case including, but not limited to the following costs, which shall be pre-paid by Client: filing and amendment fees, credit counseling and financial management courses, interpreter and translating services, reopening and archive fees for a closed case, accountant, appraisers, investigators, title searches, court reporters, deposition costs, messenger services, parking, photocopying charges, long distance, postage any and all other related expenses that exceed the initial costs collected.

8. **Change of Address / Telephone.** Client shall advise K&G in writing of any change to Client's address or telephone numbers.

9. **PRODUCTION OF DOCUMENTS – NO FAXES ALLOWED.** Client will be under a continuing duty to provide K&G and the Chapter 13 Trustee with all requested information and documentation necessary for the preparation, confirmation and discharge of Client's case. Client must deliver to K&G at least ten (10) days before Client's signing appointment legible copies of each document listed on the Document List attached to this Agreement. Client will not be allowed to sign the bankruptcy petition until the requested documents are delivered to K&G and the pre-filing fee and costs have been paid in full. Client understands that this information is essential for K&G's effective representation of Client and the success of Client's bankruptcy. Client may not send facsimiles of requested documents to K&G; but rather must arrange for the delivery of legible copies to K&G. K&G is under no obligation to respond to fax inquiries and no fax transmittal shall constitute receipt of notice thereof. **K&G works with its Clients by office appointment only.**

10. **FULL DISCLOSURE AND AUTHORIZATION FOR CREDIT REPORT.** Client understands that at the signing of Client's bankruptcy petition, Client will be asked to fully and accurately disclose and value ALL of Client's assets, debts (i.e. creditors), income and expense. It is Client's responsibility to provide Law Firm a complete list of Client's creditors, including the last three statements received from each creditor, obtain the credit report provided by K&G. Client authorizes any credit reporting agency to provide K&G all information requested, including account numbers, balances and credit history. Client is advised that obtaining a credit report does not insure that all of Client's creditors are disclosed therein and K&G makes no representation nor warranties that all of the Client's creditors are disclosed therein. Client remains solely responsible for certifying that all creditors listed in the bankruptcy petition are complete and accurate.

11. **AVOIDANCE OF JUDGMENT LIENS ON CLIENT'S HOMESTEAD.** If Client has been sued and a Final Judgment has attached as a lien to Client's homestead, a *Motion to Avoid Lien(s)* must be filed with the Court and an order obtained avoiding the judgment lien(s). The filing of the bankruptcy alone does not accomplish this. This service is outside the scope of

Client's Signature _____[signature]_____   Spouse's Signature _____

this Agreement and requires a separate fee. Client must provide K&G with a title search or copies of the liens, at Clients expense, <u>before</u> the case is closed; otherwise, Client will be charged additional fees & costs to reopen the case.

**12. NO GUARANTEES.** K&G will provide conscientious, competent and diligent services and at all times will seek to achieve solutions that are just and reasonable for Client. However, Client understands that K&G does NOT guarantee results because legal proceedings are uncertain, and there are various interpretations, recent changes in the law and unknown factors that may alter the outcome of your case. Client acknowledges that there is NO GUARANTEE to the successful outcome of Client's bankruptcy case, the defense of any motion to dismiss or adversary and that there are, in fact, significant risks if a Trustee or Creditor prevails in any action. Specifically, and not by limitation, a Chapter 13 bankruptcy case involves the judicial confirmation of a Client's case where the Court and Trustee will balance the Client's need for a fresh start with the rights of creditors to collect on their debts. Additionally, if Client seeks to pursue (i) the "strip off" (i.e. elimination) of a second or third mortgage on Client's homestead and /or (ii) "strip down" (i.e., reduction) of Client's vehicle(s)/personal property(s) lien(s), Client has been advised that in either event, there is **NO GUARANTEE** to the success of a "strip off" or "strip down" as both situations are wholly dependent on the Court's determination of the valuation of the collateral as of the filing date of the petition and the age of the lien, i.e. when the lien/loan was originally incurred. Similarly, in the even that Client's Chapter 13 Plan is a 100% plan to unsecured creditors, K&G does not guarantee the amount of the Plan payment during the course of the case as this may change depending on the Court's finding as to the Claims filed by Client's creditors.

**13. LIMITED POWER OF ATTORNEY.** Client grants K&G a limited power of attorney to obtain your tax information from anyone with whom you have consulted regarding tax returns or preparation or the Internal Revenue Service (IRS), including but not limited to, copies of your tax returns and/or transcripts. Similarly, K&G is authorized to conduct an asset search on Client such as Accurint, or any other investigative device.

**14. ELECTRONIC CASE FILING SYSTEM.** Client authorizes K&G to file Client's bankruptcy case via the Bankruptcy Court's Electronic Case Filing System ("ECF") and all other subsequent court filings through ECF. Client further authorizes K&G, if indicated below, to provide Client notice of any hearings or other matters via electronic mail as requested below.

## CLIENT'S DUTIES AND OBLIGATIONS

This Agreement incorporates by reference the *Statement Mandated by Section 527(b) of the Bankruptcy Code* and the *Notice to Clients Who Contemplate Filing Bankruptcy*, and those disclosures are acknowledged by Client and made a part of this Agreement. By referenced and without limitation, Client shall:

**DISCLOSURES AND INFORMATION at all times:**
- Disclose ALL Assets at the replacement value, *Current Monthly Income* and monthly income and expenses.
- Disclose ALL Debts and provide K&G with the two most recent creditor statements or communications.
- Disclose ALL transfers and preferences of property (real, personal, cash, etc); such transfers are not permitted.
- Produce ALL Documents and Information requested of Client on the attached *Document and Information List*.
- *Change of Address/Telephone/E-mail.* Client shall advise K&G in <u>writing</u> of any change to Client's address, telephone or e-mail address at all times. This Agreement is subject to Client permanently residing in Miami-Dade County. If Client moves from this County, Client shall forfeit all fees paid to K&G and this Agreement shall be deemed cancelled.
- *Foreclosure Sale or Garnishment Notification.* Client must notify K&G in <u>writing</u> of any foreclosure sale date or garnishment.
- Communicate with K&G by e-mail, <u>in writing</u> or office appointment to discuss Client's case status or progress.
- Production of Documents and Information-NO FAXES ALLOWED. Client will be under a continuing duty to provide K&G with all requested information and documentation including all information detailed on the attached *List of Documents and Client Questionnaire and Information Intake*. CLIENT MAY **NOT** SEND FAXES OF THE REQUESTED DOCUMENTS TO K&G; but rather, Client must arrange for the delivery of legible copies to K&G. E-mail to tsk@miamibankruptcy.com is an acceptable form of communication but the e-mail, including attachments, may not exceed two megabytes.

**PRIOR TO FILING OF CASE:**
- Pay all the required fees and costs.
- Credit Report. Authorize K&G to order a Credit Liability Report of the major credit bureaus (for each debtor) that is no older than 60 days from the date of the Signing Appointment. Any missing addresses or dates incurred for each debt shall be provided by Client as a pre-requisite to the Signing Appointment and filing of the petition.
- Timely provide K&G with full and accurate financial and other information requested as set forth in the attached "List

Client's Signature _____    Spouse's Signature _____

WEBSITE: www.MIAMIBANKRUPTCY.com - E-MAIL: tsk@miamibankruptcy.com
*Page 7 of 9 of Retainer Agreement - 101705-2*

- of Requested Documents and Information" document and incorporated into this agreement by reference, including properly documented proof of income. Proof of income includes, but is not limited to, signed copies of the Client's last four (4) filed tax returns and the pay stubs or payment advices for the six (6) months prior to the contemplated filing date of the bankruptcy petition.
- Inform K&G, in writing, of any changes in address or telephone number.
- Provide K&G a copy of all purchase contracts relating to cars or statements reflecting date of purchase of household goods such as furniture, television sets, etc.
- Attend a Signing Appointment at K&G's offices (minimum two hours).
- Complete approved Credit Counseling Course and provide K&G with completion Certificate.
- Provide a notarized affidavit that the Client(s) has *filed* all federal, state and local tax returns required by law to be filed under 11 USC §1308 for all taxable periods ending during the four (4) year period ending on the date of filing of the petition and provide K&G with copies of said returns.
- Provide a notarized affidavit that the Client(s) is/are not required by a judicial and/or administrative order, or by statute
- to pay any domestic support obligation as defined in 11 U.S.C. §101(14A).

**AFTER OF FILING OF CASE:**

- Cooperate with any investigation or requests by the Court, Trustee, or creditor; or after the case is closed, to any Audit performed by the US Trustee to verify the accuracy of the information contained in Client's petition. Failure to cooperate will result in the revocation of your discharge.
- Timely provide K&G with all information and documents requested by the Chapter 13 Trustee.
- Inform K&G and the Chapter 13 Trustee, in writing, of any changes in address or telephone number.
- Attend Court Appearances including the 341 Meeting of Creditors, Confirmation Hearings and Discharge Hearing in a punctual fashion. Client will receive a document titled *Notice of Commencement* by mail within 2 weeks of the filing date of the petition indicating the date, place and time of the meeting. This is the only notice Client will receive. Failure to appear will result in the automatic dismissal of Client's case. Client will be charged additional fees for reinstating the case. If Client does not speak English, a Spanish interpreter is required at a cost of $30.00 in cash at the time of the meeting. Client must appear at the 341 Meeting of Creditors with original proof of identification, state issued driver's license or government-issued identification card, U.S. issued passport, military identification and resident alien card. If Client is not a U.S. Citizen, Client must bring his/her original resident alien or authorization card to the 341 Meeting of Creditors. Acceptable forms of proof of social security number are an original social security card, a medical insurance card containing your social security number, a pay stub containing your social security number, an original W-2 form, an original IRS Form 1099 and an original Social Security Administration Report.
- Make the first required plan payment to the Chapter 13 Trustee no later than 30 days after the filing of the petition or conversion of Chapter 13 and timely make all subsequent payments.
- Inform K&G of any garnishments, liens or levies on assets that occur or continue after the filing of the case.
- Inform K&G immediately if Client loses his/her employment, is "laid off" or furloughed from work, or experiences any other significant change in financial situation, including serious illness, personal injury, lottery winnings, inheritance or any other material increase or decrease in income or assets.
- Notify K&G immediately if Client is sued or wishes to file a lawsuit, including divorce and matters regarding personal or property injury.
- Notify K&G if the Client finds it necessary to incur additional debt.
- Advise K&G, via office consultation, before purchasing, selling or refinancing any real property or before entering into any loan agreements to determine required procedures for court approval.
- Pursuant to 11 USC §521(f)(4) the Client must file a financial statement annually, under penalty of perjury, showing income and expenditures of the Client during the tax year. The annual statement must disclose the amount and sources of the income, the identity of any person responsible with the debtor for the support of any dependent of the debtor, and the identity of any person who contributed, and the amount contributed, to the household in which the Client resides.
- Client must prepare and file tax returns throughout the duration of his/her case. Client must provide K&G a notarized affidavit that the Client(s) has *filed* the return for the corresponding year and provide K&G with a copy of the return. K&G shall forward a copy of the return each year to the Chapter 13 Trustee. A copy of the return and notarized affidavit are due at K&G's office by no later than May 1, of the corresponding year. Taxes must be completed and filed by the established IRS deadline of April 15, extensions are not accepted by the Chapter 13 Trustee. If Client has exigent circumstances that do not allow all federal, state and local tax returns required by law to be filed in a timely fashion, Client must make an appointment to see K&G so that the applicable motion can be brought to the Court's

Client's Signature _____    Spouse's Signature _____

attention. Failure to do so will result in the withdrawing of K&G from the Client's case for failure to cooperate.
- Upon completion of all required plan payments, Client must provide K&G with a notarized affidavit that the Client(s) is/are not required by a judicial and/or administrative order, or by statute to pay any domestic support obligation as defined in 11 U.S.C. §101(14A).
- Complete approved Financial Management Instructional Course as a condition to obtaining a discharge. If Client's case is closed by the Court without a discharge being entered, Client will be charged additional fees to re-open the case to seek the entry of a discharge, if permitted.
- Avoid Any Lien Impairing Client's Homestead. Client must retain K&G to avoid same.
- **Storage Fees of Closed or Discharged Case.** Upon the dismissal or discharge of Client's Chapter 13 case, Client's file will be sent to an off-storage site and maintained for a period of 2 years (only as to original documents), after which time Client consents to the destruction of the file and all of its contents. If Client request for any information contained therein, Client will be responsible to pre-pay a retrieval fee of no less than $175 before K&G will request the file from storage. Client will be responsible for all costs to copy the file, which costs shall be pre-paid.

**PROHIBITIONS:** Client acknowledges that at the initial consultation with K&G, Client was advised that the Bankruptcy Code strictly prohibits the following:
- **No Use of Credit Cards:** The use of credit cards, incurring new debt or financing while insolvent and/or after the consultation of a bankruptcy attorney is strictly prohibited and may be presumed fraudulent and lead to the denial of a debtor's case or criminal sanctions.
- **No Sale, Transfer, or Gifts of Property (real or personal), Cash or Payments Outside the Ordinary Course.** Client should not make any payments (double or triple payments) of debts outside the ordinary course (including credit cards); nor sell, gift or transfer any property or cash to anyone including a friend, family member or other "insider". The Trustee may scrutinize any transfer, sale or gift made by a debtor within four years of the filing of the case. In any event, Client should not make ANY transfers after the consultation of K&G.
- **Continuation of Payments to Secured Creditors.** Client must continue to timely make the regular monthly payments directly to any secured creditor on any property that Client intends to maintain (i.e., home mortgages, auto loans).
- **Mortgage Brokers, Other Real Estate Professionals or Third Party.** Client is advised that K&G is not authorized nor will it communicate with any third party regarding Client's Chapter 13 Case, whether or not directed to by Client, as K&G does not represent Client in any other matter under the scope of this Agreement.

### IMPORTANT NOTICE REGARDING METHOD OF COMMUNICATION

K&G works with its clients by office appointment ONLY. Client acknowledges that K&G cannot respond to telephone inquires or faxes about the status, progress, or legal options in Client's case. Client will make an office appointment whenever Client has questions and wishes to meet with an attorney. K&G is under no obligation to respond to fax inquires. Client further acknowledges that K&G will communicate and notify Client of all hearings or requests by US Mail or e-mail and that Client must be mindful of reading all correspondence. K&G will not call client to remind them of any hearings or request if a written communication has been sent to Client. Client may contact us at **www.MIAMIBANKRUPTCY.com**.

### RECEIPT AND ACKNOWLEDGMENT OF MANDATORY NOTICES AND DISCLOSURES.

The New Bankruptcy Code requires that K&G provide mandatory notices and disclosures to you, the Client. Client acknowledges that Client has received, read and understands the two documents titled *Statement Mandated by Section 527(b) of the Bankruptcy Code* and *Notice to Clients Who Contemplate Filing Bankruptcy*, both of which are incorporated and made a part of this Agreement.

KINGCADE & GARCIA P.A.

By: Timothy S. Kingcade, Esq. - President

## ATTACHED LIST OF REQUESTED DOCUMENTS AND INFORMATION IS MANDATORY

Client's Signature _____  Spouse's Signature _____

## LIST OF DOCUMENTS TO BE PROVIDED TO LAW FIRM / LISTA DE DOCUMENTOS

Client must deliver to Law Firm at least 7 business days before Client is given a Signing Appointment legible copies of each document listed below, if applicable, and even if not specifically circled or requested by Law Firm. Client's production of the last 3 years of tax returns and recent pay-stubs are mandatory.

*Espanol: El Cliente deberá entregar a la Firma 7 dias antes de la cita para firmar la Petición de Bancarrota copias legibles de todos los documentos detallados a continuació, si aplicable al Cliente—aunque no hayan sido marcados por la Firma. La entrega de impuestos declarados (taxes) de los ultimos 3 años y los ultimos 3 recibos de sueldo (pay-stubs) son requisito indispensable.*

| OFFICE USE | | | | | |
|---|---|---|---|---|---|
| Date Delivered | 1 | **Tax Returns:** 1040 Tax Returns (personal) and 1120S (business) for 2016, 2017 and 2018: ✓ if done | | | |
| | | *7Forma 1040 de declaración de impuestos (taxes) de los años 2016, 2017 y 2018 (personales y de negocios)* | | | |
| | | Debtor | | Spouse | |
| | | 2016 | W2 with all Attachments | 2016 | W2 with all Attachments |
| | | 2017 | W2 with all Attachments | 2017 | W2 with all Attachments |
| | | 2018 | W2 with all Attachments | 2018 | W2 with all Attachments |
| RECENT | 2 | **Employment.** Six (6) *Months* recent pay-stubs from Client's employer(s) Prior to Appointment Date (husband and wife, if married) *Seis (6) ultimos meses de recibos de sueldo (pay-stubs) desde el die de su cita (Si el Cliente es casado se necesita los seis (6) meses de recibos de sueldo de el conyuge).* Months *meses* _____ thru Present *adelante* | | | |
| | | Debtor | | Spouse | |
| | 3 | **Identification. (ALL MUST BE PROVIDED)** | | | |
| | | Driver's License or Florida ID; *Licensia de conducir* | | | |
| | | Social Security Card; *tarjeta de Seguro Social* | | | |
| | | Residency Card if not U.S. Citizen; *Residencia si no es ciudadano Americano* | | | |
| | | Voter's Registration or American Passport or Birth Certificate | | | |
| | 4 | **Unsecured Debts.** CLIENT MUST INDICATE "DATES INCURRED" ON BILLS *Cuentas de tarjetas de credito, servicios medicos, y de cualquiera otra deuda incluyendo de las agencias de cobro; El Cliente debe indicar los dias de incurrimiento de las deudas en todas las cuentas.* | | | |
| | | Credit card statements, including collection agencies | | | |
| | | Medical bills | | | |
| | | Repossessions/ Lawsuits | | | |
| | | Student Loans –**FOR INFORMATIONAL PURPOSES ONLY (NON-DISCHARGEABLE)** | | | |
| RECENT | 5 | **Bank Statements/Financial Accounts.** Bank statements for last six (6) months **from Signing Appointment Date** (personal and business); *Estados financieros de todas las cuentas bancarias de los ultimos seis (6) meses desde su cita (personal y de negocios).* Months 4/1/19 thru _____ | | | |
| | | Closed accounts within one year of the filing of the bankruptcy, including 401K, IRA, Checking, Savings, Credit Unions, etc. indicating the date and closing balance. | | | |
| | | PayPal Account Transaction History for the last six (6) months prior to signing appointment date. | | | |
| | 6 | **Vehicles/Boats/Trailers;** *Carro/Botes:* | | | |
| | | • **If financed/** *financiado*: | VECHICLE 1 | VEHICLE 2 | VEHICLE 3 |
| | | Payment coupon *Cupone de pago*/ Lease | | | |
| | | Current payoff /*saldo y balance* | | | |
| | | Registration/*registracion* | | | |
| | | Proof of Vehicle Insurance | | | |
| | | • **If vehicle free and clear/no financiado:** | VECHICLE 1 | VEHICLE 2 | VEHICLE 3 |
| | | Appraisal, if Vehicle valued greater than $2,000 | | | |
| | | Title to Vehicle / *Titulo de carro* | | | |
| | | Registration / *Registracion* | | | |
| | | Proof of Insurance / *Prueba de Seguro* | | | |

Client's Signature _____*[signature]*_____    Spouse's Signature _____
PRINT NAME

WEBSITE: www.MIAMIBANKRUPTCY.com - E-MAIL: TSK@MIAMIBANKRUPTCY.COM
*Page 1 of 2 of Document List to Retainer Agreement 01/04/2013*
*S:\forms\Bankruptcy\New Law\Retainer Document List.doc*

| | | |
|---|---|---|
| ⊘ | 7 | **Real Property/Mortgages/Cemetery Plots/Time Shares/Rental Agreements** |
| | | Warranty Deed or Lease Agreement, if renting; *titulo de propiedad o contrato de renta* |
| | | Mortgages payment coupon; *cupones de pago de hipotecas* |
| | | Payoff amount for all outstanding mortgages / *Saldo de su hipoteca* |
| | | Homeowner's Association payment coupon; *asociaciones vecinales de propiedad* |
| | | Tax Bills for Real Property; *pagos de los impuestos de propiedad* |
| | | |
| | | Cemetary Plot(s) documentation with payoff amount; *plotes de cementerio* |
| | | Time Share(s) documentation with payoff amount |
| | | Vacant Lots: Warranty and Tax Bill |
| | | |
| | | **Non-Homestead property (ALL)/** *Propriedades de inversion*-all of the documents listed above |
| | | Warranty Deed or Lease Agreement, if renting; *titulo de propiedad o contrato de renta* |
| | | Mortgages payment coupon; *cupones de pago de hipotecas* |
| | | Payoff amount for all outstanding mortgages / *Saldo de su hipoteca* |
| | | Homeowner's Association payment coupon; *asociaciones vecinales de propiedad* |
| | | Tax Bills for Real Property; *pagos de los impuestos de propiedad* |
| | | |
| | 8 | **Retirement Accounts/Life Insurance.** |
| | | Retirement plans (*e.i.* 401(k), 403(b), IRA); *planes de retiro (ej: plan de 401(k), 403(b), IRA)* |
| IN file ⊘ | | Life insurance policies and/or any annuities; *Polizas de seguro de vida* |
| | 9 | **Lawsuits / Judgments.** *Copias de demandas que involucran al Cliente* |
| | 10 | **IRS Correspondence;** *correspondencia de el Servicio de Rentas Internas (IRS)* |
| | 11 | **Divorce Agreements/Marriage Dissolution w/in last 5 yrs;** *Acuerdos de divorcio últimos cinco (5) años* |
| | 12 | **Transfers / Properties Sold / Gifts of Property or Cash. Documents evidencing transfer/sale of real property within 4 years and/or gifts of > $500 w/in 1 year of filing:** *Documentos que presentan evidencia del cierre de una propiedad / transferencia o regalo de dinero o propiedad dentro de 1 año de presentar la Bancarrota.* |
| | | Closing Statement HUD-1 |
| | | Bill of Sale or Purchase Contract; *Boleto de Venta o Contrato de Compra* |
| | | Proof of use of funds derived from sale or closing; *comprobacion de uso de fondos de venta* |
| ⊘ | 13 | **Business(es) or Corporations: Active or Inactive in last 6 yrs** /*Negocios o Coporaciones ulitmo 6 anos* |
| | | Profit and Loss Statement for last 6 months (**Broken Down MONTH-BY MONTH**) |
| | | Bank Statements for last 6 months for ALL business accounts. |
| | | Detailed List of Inventory, if any WITH VALUE    4/1/19 — 9/30/19 |
| | | List of Business Assets/Liabilities WITH VALUE |
| | | Business Tax Returns for the Last 3 Years. – Complete Copies. |
| | 14 | **Driver's License Reinstatement:** Accident Report / Compliance Printout from DMV / Lawsuit information including the names and addresses of all drivers, passengers & lawyers. |
| | 15 | **Prior Bankruptcy Filing Petition and Discharge /** *Insolvencia previa - la Petición y la Descarga* |
| | 16 | **Other: Safe Deposit Box** |

Client's Signature _PBeri_ (signature)    Spouse's Signature _____
PRINT NAME

WEBSITE: www.MIAMIBANKRUPTCY.com - E-MAIL: TSK@MIAMIBANKRUPTCY.COM
*Page 2 of 2 of Document List to Retainer Agreement 01/04/2013*
S:\forms\Bankruptcy\New Law\Retainer Document List.doc